# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 275 | **DATE** | FEB 03 2003 |
| **CASE TITLE** | *United States v. Edwin Olivia and Edward Mejia* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the motion to file additional unspecified pretrial motions [37-1] is denied without prejudice; the motion to preserve agent's notes [39-1] is granted; the motion for notice of use of Rule 404(b) evidence is granted, while the motion for production of Rule 608(b) materia is denied [38-1]; the motion for disclosure of exculpatory and impeaching evidence [41-1] is granted; and the motion seeking disclosure of opinion testimony [40-1] is granted.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 6 - 2003 date docketed | 52 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | 03 FEB -6 AM 9:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 02 CR 275 |
| EDWIN OLIVA and EDWARD MEJIA ) | |
| ) | |
| Defendants. ) | |

DOCKETED
FEB 6 2003

## MEMORANDUM AND ORDER

On June 19, 2002, a federal grand jury returned a three count indictment against Defendants Edwin Oliva and Edward Mejia, alleging that they conspired with each other and others to intentionally possess with intent to distribute more than 500 grams of cocaine and used and carried a firearm in furtherance of these actions, in violation of 18 U.S.C. §§ 841, 846, and 924.

The present matter comes before the court on the following pre-trial motions submitted by Defendants: (I) Motion for Leave to File Additional Motions; (II) Motion for Preservation of Agents Notes; (III) Motion for an Order to Require the Governments to Give Notice of Its Intention to Use Other Crimes, Wrongs, or Acts Evidence; (IV) Motion for Disclosure of Exculpatory and Impeaching Evidence; and (V) Motion for Discovery of Expert Testimony and Resume. The Court will address each motion in turn.

## I. Motion for Leave to File Additional Pretrial Motions

Defendants have moved for an order permitting them to reserve their right to file unspecified future motions to the extent they become necessary. Pursuant to Federal Rule of Criminal Procedure 12(c), this court established a schedule for the filing of all pretrial motions. Rule 12(f) provides that the "[f]ailure by a party . . . to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute a waiver thereof, but the court for cause shown may grant relief from the waiver." Fed. R. Crim. P. 12(f).

Accordingly, Defendants' motion is denied without prejudice to the extent it seeks permission to file additional, unspecified pretrial motions. Additional pretrial motions may be filed upon a showing of good cause for the delay. See Id.; United States v. Stoecker, 920 F. Supp. 876, 880 (N.D. Ill.1996); United States v. McCarroll, No. 95 CR 48, 1996 WL 99442, at *1 (N.D. Ill. March 5, 1996); United States v. Pelini, 896 F. Supp. 795, 796 (N.D. Ill.1995).

## II. Motion To Preserve Agents' Notes

Defendants also seek an order requiring government agents to preserve all handwritten notes prepared during the investigation of this case. The Government does not oppose this motion, and therefore, this motion is granted.

## II. Motion For Notice of Intention to Use Other Crimes, Wrongs, and Acts Evidence

Defendants have additionally filed a motion seeking notice of the government's intention to use other crimes, wrongs, or acts evidence under Federal Rules of Evidence 404(b) and 608(b).

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in

conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Federal Rule of Evidence 404(b) requires that the government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "apprise the defense of the general nature of the evidence of extrinsic acts." Id.

The Government acknowledges its obligations under Rule 404(b) and has stated that it will file its Rule 404(b) motion before trial if it intends to introduce any Rule 404(b) material. The Court believes that, under the present circumstances, 21 days is a sufficient time for Defendants to analyze and assimilate Rule 404(b) material in preparation for trial. By providing this information 21 days before trial, the Government will come within Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b).

Defendants also seek pretrial notice of the government's intention to use "specific instances of conduct" or Rule 608(b) material. Rule 608(b) restricts the use of specific instances of conduct of a witness for the cross examination of that witness. Fed. R. Evid. 608(b). Unlike

Rule 404(b), however, Rule 608(b) does not require disclosure of any evidence which might be used for impeachment purposes.

It is well established that defendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16. See United States v. Hartmann, 958 F.2d 774, 789 n. 5 (7th Cir.1992); United States v. Cerro, 775 F.2d 908, 914-15 (7th Cir.1985). Rule 16 explicitly limits compelled discovery to information the government intends to introduce during its case-in-chief. Fed. R. Crim. P. 16(b)(1)(A). By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16. See United States v. Sims, 808 F. Supp. 607, 611 (N.D. Ill.1992).

Accordingly, Defendants' motion for notice of the Government's intention to use Rule 404(b) material is granted, and the government is ordered to produce all Rule 404(b) material no later than 21 days before trial. The motion for the production of Rule 608(b) material is denied.

## IV. Motion For The Disclosure of Exculpatory and Impeaching Evidence

Defendants also seek disclosure of all favorable evidence including any exculpatory and impeaching information, and the existence and substance of any promises of immunity, leniency, or preferential treatment.

The Government acknowledges its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and Jencks Act (18 U.S.C. § 3500(a)), and proposes to produce all known evidence that is both favorable to the defendants and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of government witnesses no later than 21 days prior to the trial. The Court believes that, under the

present circumstances, three weeks is a sufficient time for Defendants to analyze and assimilate all favorable evidence in preparation for trial. The motions for the disclosure of all exculpatory and impeaching evidence are accordingly granted.

## V.     Motion Regarding Opinion Testimony

Defendants also seek an order requiring the Government to disclose prior to trial whether it intends to rely on opinion testimony, either by a lay witness or scientific expert, and the facts and data upon which these witnesses will offer their opinions. The Government does not object to this motion and has agreed, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), to make this information available to Defendants no later than 21 days before trial. Accordingly, the Court grants this motion.

## CONCLUSION

For the foregoing reasons,

- The motion to file additional unspecified pretrial motions [37-1] is denied without prejudice;

- The motion to preserve agent's notes [39-1] is granted;

- The motion for notice of use of Rule 404(b) evidence is granted, while the motion for production of Rule 608(b) materia is denied [38-1];

- The motion for disclosure of exculpatory and impeaching evidence [41-1] is granted; and

- The motion seeking disclosure of opinion testimony [40-1] is granted;

It is so ordered.

ENTER:

Blanche M. Manning
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: **FEB 0 3 2003**